## Taylor *v.* Humble Oil & Refining Company, Appellant.

Argued March 21, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John M. Phelan*, with him *E. Barclay Cale, Jr.*, and *Morgan, Lewis & Bockius*, for appellant.

*Charles Jay Bogdanoff*, with him *Gekoski & Bogdanoff*, for appellee.

OPINION BY PACKEL, J., June 15, 1972:

Defendant, a Delaware corporation, admittedly doing business in Pennsylvania, appeals from the order of the court below discharging its rule to open a default judgment. It claims that valid service was never made in compliance with Pa. R. C. P. 2180(a)(2) upon it or any of its agents.

The complaint, filed on August 27, 1968, alleged that on December 28, 1966, the plaintiff slipped on the icy sidewalk of a service station located at 5th and Erie Avenue in Philadelphia. Service was made upon another station located at 6th and Lehigh Avenue. A default judgment was entered for the plaintiff on May 6, 1971. On June 11, 1971, defendant petitioned to open the judgment, contending that the service was invalid because neither gasoline station was its "usual place of business," and that both were operated by independent contractors rather than by agents of the defendant.

In order to prevail, one who petitions to open a judgment must act promptly, aver a meritorious defense, and plead a sufficient excuse for the default.[1] *Atlas Aluminum Corp. v. Methods Research Products Co.*, 420 Pa. 407, 218 A. 2d 244 (1966). The lower court found that the defendant failed to meet the third requirement and, accordingly, denied relief.[2] It rea-

---

[1] Upon this record the defendant has satisfied the first two requirements. As to the necessity of asserting a good defense in a trespass action, *see Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A. 2d 128 (1971).

[2] The lower court cited *Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A. 2d 505 (1967), as authority for its denial of relief. In that case the court held that although service was invalid, it would not *strike* the judgment because the appellant did not prompt-

soned that even if the defendant had never been served with the complaint, it had received actual notice of the suit in a series of letters from plaintiff's counsel. Defendant claims upon a substantial basis that it did not know the court, term and number of the suit until after the entry of judgment for want of an appearance, and that in fact it had requested that information. The lower court concluded that the defendant "neglected to take the simple step of consulting the record in the prothonotary's office" to obtain this information. In Philadelphia County, however, there is no alphabetical listing of parties litigant in ordinary actions at law.

The case is further complicated by the nature of the correspondence between the parties. Plaintiff's counsel mailed its letters to the service station at 6th and Lehigh Avenue. The operator of the station stated in a deposition that he did sometimes receive mail addressed to Humble which he gave to a salesman of the company who came around. This was a haphazard method of communication at best. In one instance there was no record that defendant ever received a certified-mail letter containing the court, term and number of the lawsuit. It appears that other letters did not reach defendant's hands for a period of weeks.

A petition to open a judgment is an appeal to the equitable side of the court and the disposition of the petition will not be disturbed on appeal unless a mistake of law or a clear abuse of discretion is shown. *Wilson v. Northern Insurance Company*, 211 Pa. Superior Ct. 155, 235 A. 2d 458 (1967). We believe that the

---

ly attack it. In fact, the appellant had waited for one year after the entry of judgment before he filed his petition to strike. *Mooney, supra,* is inapposite because the defendant in the present case was not guilty of laches but promptly filed its petition to open within five weeks. In *Balk, supra,* relief was granted although nine months had passed.

defendant in this case made a good faith effort to obtain the court, term and number of plaintiff's action, information which was the prerequisite of its entry of appearance. It was thwarted, however, by the unreliable, roundabout method of correspondence. Decency would call for a communication with a main office in relying upon questionable service upon a purported agent. Furthermore, the trial court erroneously concluded that defendant had neglected a simple expedient to learn that information. For these reasons, we reverse the determination of the lower court and order a hearing on the merits. The plaintiff, however, would be harmed if the judgment were opened and defendant could now attack the service. An action by the defendant which seeks a determination on the merits of a controversy operates as an appearance and subjects the defendant to the jurisdiction of the court. *Borough of Jeannette v. John Roehme,* 9 Pa. Superior Ct. 33 (1898).

An improper service normally does not subject a party to the jurisdiction of a court. Restatement of Judgments §8, *Comment* b (1942). When such a party appears promptly before the court to obtain a fair opportunity to litigate the merits of a controversy it is a mistake of law to refuse that opportunity. Restatement of Judgments §117 (1942).

The action of the court below is modified to allow the opening of the judgment on condition that the defendant file an answer on the merits.

WATKINS, J., dissents.