Dissenting Opinion by
Packel, J.:
Tbe defendants, a truck driver and a leasing corporation, appeal from tbe order of tbe court below discharging a rule to open default judgments taken against them for failure to enter appearances in a trespass action. Tbe lower court based its denial of relief upon tbe ground that tbe delay was not reasonably explained.
*529 A truck driven by the defendant and owned by the corporate defendant collided with plaintiff’s automobile in February of 1968. The truck driver stated in a deposition that he received a summons in the spring of 1970 and a complaint the following October. Unrepresented by counsel, upon receipt of the complaint he both telephoned and wrote to plaintiff’s counsel who instructed him to forward the complaint to the corporate defendant. He did this. On December 17, 1970, he received a registered letter informing him that a default judgment would be taken within 10 days upon failure to appear or answer. He thereupon telephoned the corporate defendant and left a message to that effect.
A registered letter concerning the default judgment was also sent to the corporate defendant. An employee in its insurance department stated in a deposition that this letter was his first awareness that an action had been instituted, that the office had no record of a summons and that for some inexplicable reason the complaint had not come to his attention earlier. He explained these facts in a telephone call to plaintiff’s counsel on December 21, 1970. He was told to forward the complaint and the letter to the corporation’s insurance carrier immediately. He assured counsel that he would. After no appearance had been filed by January 15, 1971, default judgments were entered against both defendants. When the corporation’s employee telephoned plaintiff’s counsel on that date about opening the judgments, the employee stated that he did not know why the complaint and letter had not been sent to the insurance company. The petition to open was filed on January 29,1971.
A petition to open a judgment is an appeal to the equitable side of the court and the disposition of the petition will not be disturbed on appeal unless a mis *530 take of law or a clear abuse of discretion is shown. Taylor v. Humble Oil & Refining Co., 221 Pa. Superior Ct. 394, 292 A. 2d 481 (1972). In order to open a judgment entered for default in a trespass action the petitioner (1) must act promptly and (2) the delay must be reasonably explained or excused. Unlike assumpsit actions a meritorious defense need not be demonstrated if the equities are otherwise clear. Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971).
I would affirm the lower court’s denial of relief with regard to the corporate defendant. It was duly notified of the imminence of a default judgment in accordance with Pa. R. C. P. 2082 and took no action. Most important, it offered no excuse whatsoever for its inaction. It should be noted that the plaintiff waited well beyond the ten day period to take the default judgment, and thus cannot be charged with a “studied attempt” to obtain that result.
I conclude, however, that the individual defendant stands in a different position upon this record. The facts reveal that he acted diligently and did all that he was requested to do by plaintiff’s counsel. An uncounseled party to litigation who has acted to protect his rights in accordance with instructions from the other side, should be allowed relief, promptly sought, from a default judgment. It was, therefore, an abuse of discretion under these circumstances to refuse to open the judgment as to the individual defendant.
Accordingly, the order as to the individual defendant should be reversed to allow the opening of the judgment. The order refusing to open the judgment as to the corporate defendant should be affirmed.
Jacobs and Cercone, JJ., join in this dissent.