## Holden v. Viguers

*Joseph R. Polito, Jr.,* for plaintiff.
*C. Robert Elicker, Jr.,* for defendant.

KURTZ, JR., P. J., December 29, 1972.—On October 5, 1971, on praecipe of counsel for plaintiffs, "judgment [was] entered in favor of the Plaintiff [sic] and against the Defendant [sic] by default for want of an appearance or any pleading whatsoever." Although judgment was entered in the language quoted above without indicating whether it was in favor of one or more of the named plaintiffs, or against one or both of the named defendants, it was eventually recorded in the judgment docket maintained in the office of the prothonotary as being in favor of all plaintiffs and against both defendants.

On May 3, 1972, Charles L. Viguers, 3rd, presented a petition to open the judgment as to both defendants so as to permit them to defend the action. A rule to show cause was issued upon that petition.

Depositions of both named defendants were taken upon the petition to open on July 10, 1972. Those depositions indicate that defendant, Andrew Viguers, was then 18 years of age, and that his correct name was Charles L. Viguers, IV. However, his father testified that he was generally known as "Andy." The depositions also disclose that this action grew out of a one-car accident which occurred on May 6, 1970, when the automobile, registered in the name of Charles L. Viguers, 3rd, and driven by the unlicensed 15-year-old Charles L. Viguers, IV, without the knowledge or consent of his father, overturned while he and others, including the minor plaintiff, were joy-riding in it, as the result of which the minor plaintiff was injured.

Suit was started by a praecipe for a writ of summons in trespass filed May 24, 1971. Although the sheriff's return to that writ indicates that it was served upon Charles L. Viguers, 3rd, as a defendant and as an adult member of the family and father of Andrew Viguers, also known as Charles L. Viguers, IV, each of

them testified on deposition in response to questions asked by plaintiffs' counsel, that the writ was, in fact, served upon Charles the IV, a copy thereof having been left with him for delivery to his father, Charles, 3rd. The father's copy of the writ was promptly delivered to him. Service was accomplished on June 7, 1971.

A complaint naming Charles L. Viguers, 3rd, and Andrew Viguers as defendants was filed September 8, 1971. It contains an allegation to the effect that Andrew was then a minor. Copies thereof were sent to Charles L. Viguers, 3rd, and Andrew Viguers, by letter dated September 9, 1971, addressed to them in Malvern, Pa., where they live. These copies were received at that address in due course of post. However, the father testified that he was not made aware of the receipt of the letter or the copies it contained for some time thereafter. He came upon such a copy by happenstance one day in the bedroom of his son, the other defendant.

In addition, it may be found from the record that counsel for plaintiffs notified defendants of the pendency of the action by letter dated July 20, 1971. In that letter, he stated that "unless arrangements for settlement and payment of this claim are made within 15 days of the date of this correspondence I shall proceed to obtain a judgment without further notice to you." By letter dated October 7, 1971, counsel for plaintiffs notified defendants that the default judgment had been taken on October 5, 1971, and that it would be necessary to list the matter for trial on the issue of damages only.

The case was listed for trial on March 28, 1972. Our court administrator sent notice to that effect by certified mail to Charles L. Viguers, 3rd, and Andrew Viguers, on March 6, 1972. Receipts therefor signed merely "Charles L. Viguers" are a part of the record.

The case was not tried on the date of listing because plaintiffs' counsel was engaged in other litigation at that time. It was listed for trial again in May 1972 but continued when this petition was presented.

The pleading and practice in this case are not entirely free from error. First, there is some question concerning the validity of the service of the writ. Although the sheriff's return would seem to be proper on its face, the accuracy of that return is disputed. If service was performed as defendants testified it was, then, insofar as Charles L. Viguers, 3rd, is concerned, service for him was not made upon an adult member of his family as provided in Pennsylvania Rule of Civil Procedure 1009(b)(2), since the younger defendant was not an "adult" at that time as that term is defined by Pa. R. C. P. 76. Second, minor defendant was not correctly named in either the writ, the complaint or the praecipe for the entry of judgment. Third, judgment was entered through a designation of the parties in the singular number when, in fact, there were multiple parties both plaintiff and defendant. Fourth, judgment was entered against defendant known to have been a minor without first having a guardian appointed to represent him on the record. See Pa. R. C. P. 2027 and 2034.

Despite these obvious discrepancies in the record, we think these judgments should not be opened. "In order to prevail, one who petitions to open a judgment must act promptly, aver a meritorious defense, and plead a sufficient excuse for the default": Taylor v. Humble Oil & Refining Company, 221 Pa. Superior Ct. 394, 396 (1972).* These petitioners have not acted promptly. They were advised that the judgments were

---

* As to the necessity of asserting a meritorious defense in a trespass action, see Balk v. Ford Motor Company, 446 Pa. 137 (1971).

entered within a day or two of the happening of that event. Despite that advice, they did not move to open until May of the following year and only then after the matter had been twice listed for trial on the question of damages. Charles L. Viguers, 3rd, sought to explain this delay by saying that he was then without funds and that he did not take action because he did not have the financial resources with which to employ counsel. At the same time, he testified he considered consultation with an agency providing legal services for those unable to pay but that he simply neglected to follow that course of action.

Neither has he offered a valid excuse for the default. He admits that the writ of summons in trespass was brought to his attention shortly after it was served upon his son even though, as we have already noted, the sheriff's return indicates that it was served upon him personally. He admits also that in telephone conversations thereafter with plaintiffs' counsel, which occurred between the time of his receipt of the writ and the entry of judgment, he was told to consult counsel to protect his rights and those of his son. Notwithstanding this advice, he did nothing. He is not now entitled to assert his defense.

In ruling as we do, we indicate no conclusion as to whether the validity of the judgments here under consideration are in any way clouded by the record defects we have pointed out above. Defendants have not moved to strike the judgments but merely to have them opened. We have confined our consideration within the limits of the controversy presented.

## ORDER

And now, December 29, 1972, the rule to open judgment entered May 3, 1972, is discharged.