## Feola v. Buckley & Company

*Anthony D. Pirillo, Jr.,* for plaintiff.
*Frank & Margolis,* for defendant.

HIRSH, J., November 15, 1973.—This matter is before this court on plaintiff's petition to open judgment of non pros, against plaintiff for failure to file a com-

plaint in trespass within 20 days after a rule to do so. Plaintiff alleges in its petition to open judgment that the delays in filing its complaint were attributable, in large part, to plaintiff attorney's excessive trial matter and a recent turnover of office personnel. Furthermore, plaintiff alleges that the status of this case was in attempted negotiations when the judgment of non pros was entered. Lastly, plaintiff contends that no harm will occur to prejudice defendant's case by allowing the judgment to be opened.

A petition to open a judgment is an appeal to the equitable side of the court and a disposition of the petition will not be disturbed on appeal unless a mistake of law or a clear abuse of discretion is shown: Criscuolo v. Moore Farms, Inc., 222 Pa. Superior Ct. 323, 294 A. 2d 895 (1972); Taylor v. Humble Oil & Refining Co., 221 Pa. Superior Ct. 394, 292 A. 2d 481 (1972); Walters v. Harleysville Mutual Cas. Co., 417 Pa. 438, 207 A. 2d 852 (1965). It is settled law that judicial discretion opening a judgment of non pros will be exercised only when three factors coexist: (1) the petition must be promptly filed; (2) the failure to go forward with the action, i.e., the default, is satisfactorily excused or explained, (3) that facts constituting grounds for a cause of action be alleged: Goldstein v. Graduate Hospital, 441 Pa. 179 (1971); Thorn v. Clearfield Boro., 420 Pa. 584, 218 A. 2d 298 (1969).

Clearly, the first requirement of a prompt filing is met as plaintiff filed the present petition after little more than a two-month delay.

The second requirement places a burden on plaintiff to establish equitable principles to justify the opening of a judgment. Plaintiff's attorney seeks to excuse his failure to file a complaint as one of inadvertence compounded by an excessive trial load and a recent turnover of office personnel. This court has recognized,

under appropriate circumstances, the practice of courts to relax the rules of pleading in favor of a hearing on the merits when an attorney's error or mistake is the cause of the entry of the default judgment. See, e.g., Johnson v. Yellow Cab Co. of Philadelphia, 57 D. & C. 2d 170 (1972), and Carrozza v. Girard Chevrolet Co., 200 Pa. Superior Ct. 502, 190 A. 2d 577 (1963), at page 505.

As to the third requirement for opening a judgment of non pros, plaintiff alleges facts constituting grounds for a cause of action. Furthermore, plaintiff raises in its motion to open judgment the fact that a substantial offer was made by defendant in order to settle the case. Said offer indicates the existence of a legitimate claim which equity demands be pursued beyond the judgment of non pros. To do otherwise would be unduly prejudicial to plaintiff.

As a final consideration, defendants urge this court not to exercise its discretion, since great prejudice has resulted to them. They claim the passage of time has, of necessity, dimmed the memories of available witnesses to the relevant events and irreparably prejudice their preparation and investigation. This court, however, does not feel such an argument responds to reason or justice. We do not find the prejudice to defendants so great as to deny plaintiff the opportunity to proceed on the merits. Therefore, this court finds that all three requirements for opening a judgment of non pros have been satisfied and, accordingly, it is, therefore, ordered and decreed that upon payment by plaintiff of $100 costs to defendant, the judgment entered on June 8, 1973, against plaintiffs and in favor of defendants be hereby opened for the purpose of permitting the plaintiffs to file a complaint within 10 days from the date hereof and to proceed with the action.