Raymond DiPerna, et al. *v.* Ronald Dzadony, et al. Ronald Dzadony, Rocco Mollica, Michael Angelo, Ferdinand Tarquinio, Thomas Connolly, Jack Burik, Appellants.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

96

 

*Alfred C. Maiello,* for appellants.

*Raymond M. Larizza,* for appellees.

OPINION BY JUDGE ROGERS, November 25, 1975:

Section 318 of The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §3-318, authorizes any ten *resident taxpayers* of the school district to petition for an order removing directors in circumstances there described. The instant appellees filed such a petition. The appellants, members of the school board, filed preliminary objections, including one disputing the lower court's jurisdiction of the petition on the ground that some of the appellees did not own real property within the school district. The lower court rejected the appellants' contention that the phrase "resident taxpayers" means residents who own taxable real estate and dismissed the objection.

The appellees have filed a motion to quash this appeal on the ground that the lower court's order is interlocutory. The appellants respond that their preliminary objections raised a question of the lower court's jurisdiction, the dismissal of which is appealable by the Act of March 5, 1925, P.L. 23, 12 P.S. §672. We agree with the appellees that the appellants' preliminary objection alleging the court's lack of jurisdiction was really an attack on the standing of some of them to be petitioners. Such an attack, of course, does not go to the court's jurisdiction over the subject matter, which in this case is specifically conferred by statute. *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A.2d 566 (1945). While we must quash the appeal on this ground, we will nevertheless express our agreement with the lower court that the appellants' objection to some of the appellees' standing has no merit.

The appellants' only authorities for their contention that the phrase "resident taxpayers" means resident owners of real property is that of two 1937 Pennsylvania Common Pleas Court decisions and a 1940 Oklahoma case. The Pennsylvania decisions antedated both The Public School Code of 1949 and The Local Tax Enabling Act, Act of June 25, 1947, P.L. 1145, *as amended,* 53 P.S. §6901 et seq. The latter enactment delegated to school districts and other municipal subdivisions the power to tax a variety of subjects other than real estate, including wages, salaries, commissions and other earned income of individuals. It is probable that there are persons in every subdivision in Pennsylvania who, although owning no real estate, pay local taxes pursuant to resolutions enacted under The Local Tax Enabling Act in amounts in excess of those paid by some property owners. As Judge HESTER for the lower court correctly observed, a construction of the cited provision which would accord property owners the right to seek the removal of school directors but deny the same right to other taxpayers would be without foundation in reason and probably violative of the constitutional guarantees of due process and equal protection provided by the Fourteenth Amendment of the United States Constitution and Article 1, Section 4 of the Pennsylvania Constitution.

Appeal quashed.