418 A.2d 392

Robert E. JOHNSON

v.

ATLAS VAN LINES, Hill & Perry, Inc. and Pennsylvania
Van & Storage Co.

**Appeal of ATLAS VAN LINES.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Jan. 11, 1980.

254

Charles Jay Bogdanoff, Philadelphia, for appellant.

Thomas J. Lacey, Bryn Mawr, for Robert E. Johnson, appellee.

Benjamin E. Zuckerman, Norristown, for Hill & Perry, Inc., appellee.

Before CERCONE, President Judge, and HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that the lower court should have opened the default judgment against it because it was never subject to the *in personam* jurisdiction of the district justice who entered the judgment.[1] We agree and, accordingly, reverse the order of the lower court dismissing appellant's petition to set aside service and open judgment.

The present controversy arises out of an action brought against appellant and two other defendants to recover damages which allegedly occurred to appellee's furniture while the various defendants were transporting and/or storing it.[2] Appellee instituted suit on September 20, 1976, by filing a complaint with a district justice in Chester County. Neither appellant nor its co-defendants filed answers to the complaint, and on November 22, 1976, the district justice entered default judgment in the amount of $1521.79 against all three defendants. On March 14, 1977, appellant filed a petition to set aside service and open judgment in which it alleged that it first received notice of the instant suit on November 26, 1976, via a postcard announcing that default judgment had been entered against it.[3] The lower court dismissed the

1. Because of our disposition of this issue, we need not consider appellant's other contentions, all of which are directed toward the propriety of the lower court's refusal to open the default judgment.

2. Neither of the other two named defendants have joined appellant in this appeal.

3. We note that appellant failed to seek review of the judgment pursuant to Pa.R.C.P.J.P. 1002 (appeal) or Pa.R.C.P.J.P. 1009 (writ of certiorari). Nevertheless, appellee has not challenged the procedure

petition, citing appellant's failure to explain its delay of three-and-one-half months in filing its petition once it had learned of the judgment and appellant's failure to allege a meritorious defense to plaintiff's complaint.[4] This appeal followed.

Appellee attempted in this action to obtain *in personam* jurisdiction over appellant, an Indiana corporation, pursuant to the Act of November 15, 1972, P.L. 1063, No. 271, § 8301 et seq.[5] Section 8307 of that Act provided, *inter alia,* that in order to effect service of process, the officer to whom process was directed (in this case, the district justice) was required to send a copy of process to the defendant by registered or certified mail.[6] In an uncontradicted affidavit presented to the lower court in support of its petition to open, general counsel for appellant stated that the district

followed by appellant and we decline to consider this procedural matter *sua sponte.*

**4.** Because of our disposition of this case, we need not consider the timeliness of appellant's petition or the sufficiency of the defense stated therein.

**5.** Formerly codified at 42 Pa.C.S.A. § 8301 et seq.; repealed by the Act of July 9, 1976, P.L. 586, No. 142, § 1, effective June 27, 1978.

**6.** § 8307. *Procedure for service of process*

Process directed to persons under this chapter shall be served, by the officer to whom such process shall be directed, upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and *by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof,* with an endorsement thereon of the service upon the Department of State, addressed to such defendant at his last known address. The Department of State shall keep a record of the day and hour of the service of such process on it. *The registered or certified mail return receipts of the Department of State and of such defendant shall be attached to and made a part of the return of service of such process,* except that if the defendant refuses to accept the notice mailed, or cannot be found at his last known address, the registered or certified mail return receipt or other evidence of such facts shall be attached to and made a part of the return and shall constitute sufficient service under the provisions of this section. The fee paid by the plaintiff to the Department of State at the time of service shall be taxed as costs to the plaintiff, if he prevails in the action necessitating the service of the process. (Emphasis added.)

justice had admitted to him that he did not mail a copy of process to appellant, as required by § 8307.[7] Thus, appellant was never properly served in this action. There are no indications in the record that appellant voluntarily submitted to the jurisdiction of the district justice, or even was aware of the proceedings against it until it received notice of the default judgment.

The lower court correctly noted that, ordinarily, three factors must coalesce before a default judgment can be opened: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (1973). However, in *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549 (1979), this Court stated that

[where] . . . a defendant asserts that he was never served with the complaint and therefore had no notice of the proceedings against him, we believe that a court must determine whether such assertion is true before considering any other factors. If valid service has not been made and the defendant is wholly without notice of the proceedings against him, then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him. *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 127, 221 A.2d 185, 187 (1966); *Neff v. Tribune Printing Co.*, 421 Pa. 122, 124, 218 A.2d 756, 757 (1966); *In re Galli's Estate*, 340 Pa. 561, 568–71, 17 A.2d 899, 902–03 (1941); *Taylor v. Humble Oil & Refining Co.*, 221 Pa.Super. 394, 398, 292 A.2d 481, 483 (1972).

*Id.*, 272 Pa.Super. at 466, 416 A.2d at 551. Accordingly, in *Liquid Carbonic*, our Court held that the lower court had erred in failing to open a default judgment and allow the

7. Appellant states in its brief that the district justice explained to counsel that he had assumed that the Department of State would serve appellant.

appellant to file an answer to the complaint where it appeared that the appellant had never been served.

Our reasoning in *Liquid Carbonic* controls the present case. Appellant's allegation of lack of service is uncontradicted by appellee and therefore must be accepted as true. Because valid service was not made and appellant was wholly without notice of the proceedings against it, the district justice was without power to enter a default judgment herein. Accordingly, we must reverse the order of the lower court denying appellant's petition to set aside service and open judgment, and remand to give appellant the opportunity to file an answer to appellee's complaint. *See Taylor v. Humble Oil & Refining Co.*, 221 Pa.Super. 394, 292 A.2d 481 (1972).

Order reversed and case remanded for proceedings consistent with this opinion.

HESTER, J., concurs in the result.