In Re: Petition of Mattie Stone et al. for the removal of John Conley. Florence Bridges, Appellant.

Argued May 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three. Reargued October 6, 1981, before President Judges CRUMLISH, JR. and Judges MENCER, ROGERS, BLATT, WILLIAMS, JR., CRAIG and PALLADINO.

*Florence Bridges,* appellant, for herself.

*Persifor S. Oliver, Jr.,* with him *Robert J. Stefanko,* for appellee.

OPINION BY JUDGE ROGERS, November 20, 1981:

On June 11, 1980, the appellants, thirty taxpayers of the school district of the City of Pittsburgh, acting without legal counsel, presented a petition to the Court of Common Pleas of Allegheny County seeking the removal of Dr. John Conley as a school director pursuant to Section 318 of the Public School Code of 1949,

Act of March 10, 1949, P.S. 30, *as amended,* 24 P.S. §3-318, which provides that upon a petition of taxpayers the court shall have the power to remove a director for, here pertinently, refusing or neglecting to perform any duties imposed upon it by the provisions of the Code relating to school directors.

The petition charged Dr. Conley with voting as director that the school district disobey desegregation orders of the Pennsylvania Human Relations Commission; voting that the district not obey the Pennsylvania School laws and voting that the district violate court orders relating to desegregation.

The appellants made two ineffective efforts to serve copies of the petition, the first by sending the petition by certified mail, the second by leaving the petition in Dr. Conley's mailbox. Dr. Conley filed preliminary objections attacking service, seeking a more specific pleading and demurring to the petition. On the day next before the date scheduled for argument of the preliminary objections, Dr. Conley filed a responsive answer to the petition, denying that he voted as the appellants had alleged or that he had failed to perform any duties imposed by the Public School Code of 1949.

After argument the hearing judge sustained Dr. Conley's preliminary objections and dismissed the appellants' petition, with prejudice. In an opinion later filed, it was explained that proper service had not been effected so that jurisdiction of the respondent had not been obtained and that the appellants had not, in the court's opinion, stated cause for Dr. Conley's removal under Section 318. No mention is made in the court's opinion or in the briefs filed in this appeal of the fact that after filing preliminary objections Dr. Conley had filed a responsive answer to the petition for his removal and the hearing judge could well have been unaware of this event.

An issue raised by this case is what form of service of the petition was required in order for the lower court to obtain personal jurisdiction over Dr. Conley. The statute clearly requires that the action be initiated by petition but is silent as to how the petition or the rule granted thereupon should be served. The hearing judge decided that service in order to be effective should be made in accordance with Pa. R.C.P. 1009 prescribing service of original actions within the purview of the Pennsylvania Rules of Civil Procedures. We agree. The only authority, aside from sound reason, is the case of *Keystone Wire and Iron Works, Inc. v. Van Cor, Inc.*, 245 Pa. Superior Ct. 537, 369 A.2d 758 (1976), where the Superior Court held that a petition under the Uniform Arbitration Act for a rule to show cause why arbitration should not proceed must be served in accordance with Pa. R.C.P. 1009 since the Legislature would not have intended to authorize an ex parte proceeding or one conducted by informal notice.

Although we agree that service was ineffective, we are constrained to hold, however, that this defect was cured by Dr. Conley's having filed an answer on the merits denying, and thus putting at issue, the averments of the appellants' petition for his removal. While it is true that Section 318 refers only to the petition and an answer as pleadings in this statutory proceedings, the matters of the court's jurisdiction and of the sufficiency of the petition could surely be raised without filing an answer—by a motion to quash the petition or by preliminary objections as Dr. Conley first did and as has been previously recognized. *See DiPerna v. Dzadony*, 22 Pa. Commonwealth Ct. 94, 347 A.2d 750 (1975). But an answer putting the cause at issue on the merits is an "action by the defendant . . . looking to a determination of the cause on its merits, [and] operates as an appearance . . . subjecting the

518

defendant to the jurisdiction of the court.'' *Jeanette Borough v. Roehme,* 9 Pa. Superior Ct. 33 (1898); *see Taylor v. Hunble Oil & Refining Co.,* 221 Pa. Superior Ct. 394, 292 A.2d 481 (1972). The defect of service was cured by Dr. Conley's eleventh hour placing the matter at issue on the merits and the court had jurisdiction of Dr. Conley.

Further, the answer on the merits had the effect of waiving the preliminary objections, as such, and requires that we vacate the order sustaining the demurrer. Of course, the defense of the failure to state a claim upon which relief can be granted "may be made by motion for judgment on the pleadings.'' Pa. R.C.P. 1032(1).

We therefore vacate the order below and remand for further proceedings according to law.

### Order

And Now, this 20th day of November, 1981, the order dismissing the appellants' petition is vacated and the record is remanded for further proceedings according to law.