544 A.2d 92

Nancy N. Nernberg et al., Appellants *v.* Richard Adams, Jr. et al., Appellees.

Argued May 26, 1988, before Judges DOYLE, PALLA-DINO and McGINLEY, sitting as a panel of three.

*James R. Cooney,* with him, *Mitchell A. Kaufman* and *Maurice A. Nernberg, Jr., Nernberg & Laffey,* for appellants.

*Marvin A. Fein,* with him, *J. Russell McGregor, Jr., Baskin, Flaherty, Elliott & Mannino, P.C.,* for appellees.

OPINION BY JUDGE DOYLE, July 12, 1988:

Before us for our consideration is an order of the Court of Common Pleas of Allegheny County, which, prior to entering a rule to show cause or conducting a hearing, granted a motion to quash filed by the nine members of the Pittsburgh Board of Public Education (Appellees). The motion was filed in response to a petition to remove the nine board members from office, said petition being filed by ten taxpayers (Appellants) of the Pittsburgh School District.

Appellants filed their petition alleging that Appellees had violated the public bidding requirement appearing in Section 751(a) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §7-751(a). That Section pertinently provides:

All construction, reconstruction, repairs, mainte-
nance or work of any nature, including the intro-
duction of plumbing, heating and ventilating, or
lighting systems upon any school building or up-
on any school property . . . made by any school
district, where the entire cost, value, or amount
of such construction, reconstruction, repairs,
maintenance or work, including labor and mate-

rial, shall exceed four thousand dollars ($4,000), shall be done under separate contracts to be entered into by such school district with the lowest responsible bidder, upon proper terms, after due public notice has been given asking for competitive bids.

It is Appellants' contention that this provision of the Code was violated by Appellees when they replaced, without rebidding, the general contractor, Coco Brothers, Inc., which was performing renovations on Oliver High School under a 1985 contract. It is Appellees' position that Coco Brothers breached its contract when it failed to perform, and when it could not complete the renovation work pursuant to contract specifications. This resulted in the Board rescinding the contract with Coco Brothers in May 1987. The alleged breach and the recision are the subject of related litigation. When Appellees decided to replace Coco Brothers the Board entered into negotiations with McAnallen Corp., the company which had been the second lowest responsible bidder at the time the contract was offered for bid. The Board did so without first conducting a rebidding. The Board then passed a resolution authorizing the appropriate officers to enter into a contract with McAnallen. The Board was anxious to have the project continue so that the renovations would be completed by the time of school opening in the fall of 1987. Appellants brought the instant lawsuit seeking removal of the nine named directors pursuant to Section 318 of the Code, 24 P.S. §3-318, which pertinently provides:

If the board of school directors in any district . . . (2) refuse or neglect to perform any duty imposed upon it by the provisions of this act relating to school districts, . . . any ten resident taxpayers in the district . . . may present their . . . petition in writing, verified by the oath of affirmation of at least three such resident tax-

payers . . . to the court of common pleas of the county in which such district or the largest part in area is located, setting forth the facts of such refusal or neglect of duty on the part of such school directors. The court shall grant a rule upon the school directors, returnable in not less than ten or more than twenty days from the date of issue thereof, to show cause why they should not be removed from office. The school directors shall have at least five days' notice of the granting of the rule. On or before the return day of the rule the school directors, individually or jointly, shall file in writing their answer or answers to the petition, under oath. If the facts set forth in the petition, or any material part thereof, is denied, the court shall hear the several parties on such matters as are contained in the petition. If on such hearing, or if when no answer is filed denying the facts set forth in the petition, the court shall be of the opinion that any duty imposed on the board of school directors, which is by the provisions of this act made mandatory upon them to perform, has not been done or has been neglected by them, the court shall have power to remove the board, or such of its number as in its opinion is proper, and appoint for the unexpired terms other qualified persons in their stead, subject to the provisions of this act.

. . .

Appellees filed a motion to quash in response to the complaint which motion asserted, *inter alia,* that Appellees had not breached a mandatory duty under the Code and, that the complaint should be dismissed with prejudice. Attached to the motion was a letter from the Board's solicitor which indicated, in response to a Board inquiry initiated before the contract was awarded to McAnallen, that rebidding would not be required. Ap-

pellees also asserted in their motion that it was unnecessary for the trial court to issue a rule to show cause as such act was discretionary.

The trial court, upon concluding that Appellants had not established in their pleading the breach of a mandatory duty, granted the motion. Further, it opined that even if a breach of duty had been established, it would not have imposed the severe sanction of removal from office because it concluded (relying upon the solicitor's letter attached to the motion) that Appellees had acted in good faith. It also indicated that it would refuse to impose the sanction because it believed that the lawsuit had been instituted for a bad motive. Specifically, it noted that the lead Appellant is the wife of the senior partner of the law firm which is representing Coco Brothers in the related litigation pertaining to the alleged contract breach. Thus, the trial court declined to enter the rule, granted the motion, and dismissed the petition.

On appeal here Appellants raise two arguments: (1) that the trial court erred in dismissing the petition without first issuing a rule to show cause and holding a hearing and (2) that the trial court erred in relying upon evidence not of record.

Section 318 establishes the procedure to be followed in cases such as this one. Part of the procedure envisioned is, admittedly, the issuance of the rule and the filing of an answer. But we do not believe that this procedure creates a right to continuation of litigation where the petitioner's petition for removal fails to state a cause of action as a matter of law, and that issue is raised by way of a motion to quash or a preliminary objection in the nature of a demurrer.[1] *Removal of School Direc-*

---

[1] We have previously approved of the use of a motion to quash or a preliminary objection in the nature of a demurrer in a case

*tors of Jackson Township,* 7 Lebanon 238 (1959) (trial court refused to issue rule). *See also Rosenberg v. Silver,* 374 Pa. 74, 97 A.2d 92 (1953) (holding generally that the right to issue a rule presupposes judicial discretionary authority). As the trial court aptly wrote, "common sense makes it obvious that school directors, entrusted with the awesome responsibility of educating our children, should not be forced to undergo either a hearing or the deposition process at the whim of any ten disgruntled taxpayers. Before such a disruption of the educational process can occur, petitioners must set forth a cause of action." Thus, we must conclude that in failing to issue the rule the trial court did not, per se, violate the dictates of Section 318.

What we must determine, therefore, is whether the petition to remove stated a cause of action as a matter of law. Section 751(a), the public bidding provision of the Code, makes bidding mandatory. *R & B Builders, Inc. v. Philadelphia School District,* 415 Pa. 50, 202 A.2d 82 (1964).[2] That the work to be done here was over the four thousand dollar figure established to trigger the bidding requirement is not contested. Thus, the precise issue which we must determine is whether the bidding mandate of Section 751 is meant to include situations where a contractor is discharged and the work is left uncompleted.

The purpose of Section 751(a) is to protect the taxpaying public. *Id.* And, we note that nothing in Section 751(a) specifically compels *re*bidding. Only the initial bidding is mandated, and no one disputes that the work in question here had originally been bid. Thus, Section 751(a) does not specifically address the exact

---

brought under Section 318. *See Petition of Stone,* 62 Pa. Commonwealth Ct. 514, 437 A.2d 103 (1981).

[2] There is an exception for emergencies; however, this exception does not seem to be relied upon by Appellees in this case.

trix here. Further, keeping in mind the purpose of the bidding requirements, we do not see how the public is benefitted if an entirely new bidding process must be implemented any time a contractor cannot fulfill its contractual obligations. In our view, such procedure, which is not specifically required by Section 751(a), would serve only to protract, endlessly, the renovation process. That does not mean, however, that the Board is free to enter into a contract with anyone it chooses. Here, it did not do so. The Board selected the logical choice, the second lowest responsible bidder. Thus, the integrity of the public fisc was preserved to the greatest extent possible. This is not to say that the Board *cannot* have the work rebid. If the Board were displeased with the next lowest responsible bidder's proposal, we believe that rebidding would be an option available to it. We hold only that where the statute does not expressly require rebidding, and where the Board determines in the exercise of its discretion to accept the next lowest responsible bidder to complete the work already the subject of the bidding process, no mandatory duty under Section 751(a) is breached.[3]

Because of our conclusion on this issue, we need not consider the questions of whether the trial court's refusal to order removal was an abuse of its discretion, and whether consideration of evidence on Appellants' motive in bringing the lawsuit was improper.

Affirmed.

---

[3] *Scranton School District Audit (No. 1)*, 354 Pa. 225, 47 A.2d 288 (1946), upon which Appellants rely, did not involve a situation where a proper bid was obtained initially and, hence, did not involve a rebidding question. Thus, we find it to be factually inapposite.

## ORDER

Now, July 12, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.