Fisher et ux. *v.* Kemble Park, Inc., Appellant.

Argued March 26, 1958. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, and Watkins, JJ. (Hirt, J., absent).

*Edward Unterberger,* for appellant.

*Alvin Freiberg,* with him *David A. Kraftsow,* for appellees.

Opinion by Gunther, J., June 11, 1958:

The Municipal Court of Philadelphia refused to open or strike off a default judgment for want of an answer or appearance. The judgment was entered 21 days after service of the complaint was made upon a janitor of an apartment building owned by defendant corporation, at which it had no place of business. The question before us is whether such service is valid.

Defendant petitioned for a rule to open and later filed an amended petition for a rule to open or strike the judgment from the record. On November 22, 1957, after hearing and depositions, the court discharged both rules.

The depositions reveal that plaintiffs signed a lease for an apartment in the building owned, but not operated, by defendant corporation. The lease was made for a term to commence on September 1, 1956. When the lease was signed at defendant's place of business, namely, 13th and Chancellor Streets, the apartment was occupied by friends of the plaintiffs. The friends vacated the premises prior to August 23, 1956, and gave permission to plaintiffs to move in without giving notice of this friendly arrangement to the landlord. On August 23, 1956 a fire occurred, causing damage to plaintiffs' furniture. Suit was entered against defendant on July 16, 1957.

The sheriff's return recites that the service of the complaint was made at northwest corner of Ogontz and Kemble Avenues, Philadelphia, the place of business of defendant company, to Mr. Robert, the person for the time being in charge thereof. That address was the registered office of the defendant. Sometime after the complaint was left at the building, the secretary of defendant, Mrs. Cutter, picked the paper from the floor of the basement of the building and delivered it to Mr. Unterberger, attorney for defendant. He filed his appearance on August 12, 1957. Upon delivery of the copy of appearance to counsel for plaintiffs, counsel for defendant was informed that judgment had already been entered on August 9, 1957.

Defendants testified, and it is not denied, that Kemble Park, Inc., had no office or place of business in the building and that there was no Mr. Robert at the apartment, but that there was a Robert McNair working

there as a janitor, employed by Abe H. Sobel, manager of the building.

Plaintiffs introduced a letter from the Secretary of the Commonwealth stating that Kemble Park, Inc., was incorporated December 6, 1938, with principal office at N. W. Corner Ogontz and Kemble Avenues, Philadelphia, Pennsylvania. Plaintiffs, however, do not deny that they knew that 13th and Chancellor Streets was defendant's place of business because it was there they signed the lease and it was there they paid the rent.

Defendants contend that, under the above facts, service upon a janitor of the building owned by defendant corporation at which it has no place of business is not good service.

Pennsylvania R. C. P. 2180 provides as follows:

"(a)  Service of process within the county in which the action is instituted shall be made upon a corporation or similar entity by the sheriff of that county by handing a [true and attested] copy thereof. . .

(2)   to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity; or"

Rule 2082 of civil procedure provides:

"No judgment shall be entered against a defendant who has not been personally served or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order shall direct."

We cannot sanction attempted service on a corporation by serving a janitor of a building owned by the corporation. Such service to be valid must be served, inter alia, upon an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation. We cannot say that a

janitor, without any evidence as of his authority, can be termed an agent in charge of any office or usual place of business. The return recites that the place where service was made was the place of business of the defendant. The depositions, however, do not bear out this fact. The testimony is clear that the defendant corporation had no place of business at the address of service. The registered office need not and, in this case, was not the place of business. The place of business was 13th and Chancellor Streets.

Section 306 of the Business Corporation Law of 1933, May 5, P. L. 364, 15 P.S. section 2852-306, provides that every business corporation shall maintain in the Commonwealth a registered office which may, but need not, be the same as its place of business. Service of a complaint in trespass is not good if made at the registered office of the defendant corporation which is not its place of business in view of the actual knowledge of plaintiffs as to the location of the place of business.

Our courts have frequently granted relief from a judgment entered by default where the application was promptly made. *Britton v. Continental Mining and Smelting Corp.*, 366 Pa. 82, 76 A. 2d 625; *Stein v. Greene*, 178 Pa. Superior Ct. 464, 116 A. 2d 308. Since service was not made in accordance with the Rules of Civil Procedure, the judgment must be opened and defendant be given the opportunity to file its answer.

The order of the court below is reversed, and the record is remanded for further proceedings not inconsistent with this opinion.