## Bednar v. Colonial Manor Apartment Corporation

*Dallet Hemphill*, for plaintiffs.

*Gawthrop & Greenwood*, for defendant.

*Perna, Delduco & Kent*, for additional defendant.

RILEY, J., June 24, 1965. — Defendant, Colonial Manor Apartment Corp., has been sued in trespass by plaintiff for injuries sustained upon its premises. Defendant had engaged Walter S. Bandurski, an individual residing in Wilmington, Del., to collect trash and rubbish at regular intervals from the premises of defendant in the Borough of West Chester, Chester County, Pa. Walter Bandurski is an adult individual residing in Wilmington, Del., and the owner of a trash collection business which he operates from his home in Wilmington; he uses four trucks in the business. He is not registered to do business in Pennsylvania under any fictitious name. It is agreed that he was and is now "doing business" in the Commonwealth of Pennsylvania in the form of picking up and transporting away trash from various properties as contracted with the owners or agents in charge of said premises. Desiring to join Bandurski as an additional defendant in this action, defendant caused a writ to issue which the sheriff of this county attempted to serve but returned "not found". Additional time for service was allowed by this court and on March 15, 1965, a deputy sheriff handed the writ to one Willie

Smith, a driver employed by Bandurski, who was at the time operating one of Bandurski's trucks in East Bradford Township in this county. The writ was turned over to Bandurski by Smith and preliminary objection is now before us raising the question of jurisdiction over Bandurski as a result of the service of the writ upon Smith.

Defendant rests the validity of his service upon the Act of April 21, 1858, P. L. 403, 12 PS §297, which reads:

"When any person or persons, not being residents of this commonwealth, shall engage in business in any county of this commonwealth, it shall and may be lawful for the officer charged with the execution of any writ or process issued out of any of the courts of this commonwealth, to serve the same upon any clerk or agent of such person or persons, at the usual place of business or residence of such agent or clerk, with like effect as though such writ or process was served personally upon the principal."

Substantially the same language is employed in rule 2079 (b) of the Rules of Civil Procedure relating to the manner of service upon nonresidents engaged in business in Pennsylvania. The only change in procedure of service effected by rule 2079 (b) is to now require the service upon not merely a clerk or agent at the usual place of business but by handing the process "at any office or usual place of business of the defendant to the agent, clerk, or person for the time being in charge thereof."

The relationship relative to venue and service between defendant and the party sought to be joined as additional defendant is the same as though defendant were a plaintiff and additional defendant were an original defendant: Pa. R. C. P. 2254 (a). It being admitted that Bandurski is a nonresident individual engaged in business in Pennsylvania, the narrow question raised here is whether a driver of one of his trucks

is an "agent or clerk" of Bandurski upon whom service might be made and whether the trash trucks owned by Bandurski and used in his business in this State is "the usual place of business" within the State as that phrase is employed in the Act of 1858 and the Rules of Civil Procedure. Our study of the issues leads us to the conclusion that service in the instant case is deficient on both counts.

A "place of business" connotes more than an "instrument of conduct of business" and does not include every place a person may transact any business. As stated by the Superior Court in Harr, Secretary of Banking v. Edsall, 121 Pa. Superior Ct. 19, at page 24:

"It (place of business) connotes more and refers to a place where he carries on a business in which he is personally engaged as a merchant, tradesman, professional man, or similar trade or calling. . . . It is a place where he maintains headquarters or a center from which his activities radiate and a place to which he returns when he has performed an isolated or particular item of business."

Rule 127 (c) of the Rules of Civil Procedure relating to construction of the Supreme Court rules lays down the appropriate guideline:

"When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule."

Anderson points out in the interpretation of the same language employed in 4 Anderson Pa. Civ. Prac. §2180

(a) (2), pages 380-81, that the designation of "agent or person in charge" is a restriction obviously intended to require the service upon an agent sufficiently representative of defendant as distinguished from any servant, agent or employe. Anderson states at page 381:

"This restriction also serves to strengthen the probability on which the validity of substituted service rests, namely, that in the normal course of events the service made on the agent will come to the notice or attention of the defendant who is sought to be bound."

The consequences of the interpretation sought to be applied by defendant here are obviously contrary to the intendment of the rule. Were every vehicle operated in the conduct of a person's business a "place of business" and every driver an "agent or person in charge" of the place of business, corporate entities would be subject to service in every county and every State wherever a salesman happened to be in a company car on company business. Such result we believe is entirely contrary to the spirit and purpose intended to be accomplished. Place of business is a fixed and specific headquarters from which the business enterprise in the area emanates. The personal presence of the party is not required, but the presence of an agent or other person is required who is sufficiently responsible and representative of the party so as to make service upon him tantamount to service upon the party himself. Thus, the Superior Court in Fisher v. Kemble Park, Inc., 186 Pa. Superior Ct. 407, declared the mere ownership of a building by a corporation did not establish a "place of business" nor was service upon a janitor, without evidence of his authority to represent the employer, an "agent in charge of any office or usual place of business." The Rules of Civil Procedure specifically modified the scope of agency or clerkship as embodied in the Act of 1858 to the more restricted "agent or person in charge" for the reasons cited by

Anderson above referred to, relating to the same restricted designation in service upon employes of corporations.

The operation of a motor vehicle in the conduct of a business is not a "place of business" within the meaning of the Rules of Civil Procedure nor is an employe hired to operate such a vehicle so responsible or representative an "agent" of a party as to constitute an agent capable of being served in substitution of defendant.

And now, June 24, 1965, the objection of additional defendant relating to jurisdiction is hereby sustained and the attempted service upon him declared to be invalid and insufficient to bring him within the jurisdiction of this court.