409 A.2d 882

**Marvin COBB, a minor, by his parent and natural guardian, Annette Burbage, and Annette Burbage in her own right and Christine Brown, a minor, by her guardian, Rose Mobley, and Rose Mobley in her own right, Appellants,**

v.

**James GRAY and Charles Moore.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed Sept. 7, 1979.

268

Jay S. Friedenberg, Philadelphia, for appellants.

James M. Marsh, Philadelphia, for appellee Gray.

Charles Moore, in pro. per.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in granting appellee's petition to open a default judgment. We disagree and, accordingly, affirm the order of the lower court.

This case arises from a motor vehicle accident which occurred on June 21, 1976. On May 27, 1977, the appellants filed a complaint in trespass in Philadelphia County seeking damages for personal injuries. The Chester County Sheriff attempted deputized service of process on appellee James Gray at his West Chester residence. The sheriff's return indicated that he was unable to serve appellee as of July 6, 1977. On July 19, 1977, appellants filed a praecipe to reinstate the complaint and effected service through the Secretary of the Commonwealth pursuant to Pa.R.C.P. 2077(a)(1) and 2079(a). On July 19, 1977, a copy of the complaint was sent to appellee at his West Chester address by registered mail. On August 18, 1977, the Philadelphia Sheriff received the return receipt, which was marked unclaimed. On August 23, 1977, appellants' attorney sent a letter by registered mail to inform appellee that a default judgment would be entered against him 20 days from that date. This letter was returned unclaimed on August 29, 1977. On October 11, 1977, appellants filed a praecipe for entry of a default judgment, and the prothonotary entered judgment. On February 1, 1978, appellee filed a petition to open judgment, which the court below granted.

Appellee testified in a deposition pursuant to his petition to open judgment that he lives alone in an apartment and that he works at one job during the day and at another job most evenings. Appellee also stated that he first received notice of this action when he received a letter from his insurance carrier's attorney, dated December 28, 1977, informing him that a default judgment had been entered against him.

The Pennsylvania Rules of Civil Procedure in effect at the time this action was instituted [1] permitted service of process

---

1. Rules 2077 and 2079 of the Pennsylvania Rules of Civil Procedure were amended on April 26, 1979, and became effective 30 days after May 12, 1979. Rule 2077(a)(2) as amended provides: "The rules of this chapter apply to . . . an action against a resident individual who obstructs or prevents service of process by concealing his whereabouts or otherwise." Rule 2079 as amended changes the method of serving such an individual. *See* Rule 2079(d).

to be perfected by serving the Secretary of the Commonwealth if the defendant is "a resident . . . who conceals his whereabouts." Pa.R.C.P. 2077(a)(1); 2079(a). A single return of "not found" by the sheriff is insufficient evidence that defendant concealed his whereabouts. *Austin v. Goode,* 47 Pa.D. & C.2d 545 (Phila.1969), cited with approval in *Gonzales v. Polis,* 238 Pa.Super. 362, 357 A.2d 580 (1976). *See also Gonzales v. Polis, supra* (no evidence that defendant concealed his whereabouts where plaintiffs attempted to serve defendant at a wrong address obtained by a title search, but defendant's correct address was ascertainable by several reasonable means, such as the telephone directory); *Swanson v. DeSanto,* 59 Erie C.L.J. 153 (Pa.C.P. 1976) (sufficient evidence that defendant attempted to conceal his whereabouts where (1) the sheriff attempted personal service eight times on five different dates; (2) the defendant promised to pick up the complaint at the sheriff's office, but failed to do so; and (3) a neighbor indicated that defendant would not respond to the attempts at service even if he were home); *Russell v. Pivirotto,* 72 Pa.D. & C.2d 318 (Allegheny 1975) (service was valid where plaintiff's counsel made at least three unsuccessful attempts to personally serve defendants).

In the instant case, there was only one return of "not found" by the sheriff before appellants attempted to serve the defendant through the Secretary of the Commonwealth. This is insufficient evidence that appellee concealed his whereabouts. *Gonzales v. Polis, supra; Austin v. Goode, supra.* Thus, appellants did not perfect service when they served the Secretary of the Commonwealth. Because appellee was not properly served, the lower court was correct in opening the judgment and allowing appellee to file an answer.

Order affirmed.