416 A.2d 549

**LIQUID CARBONIC CORP.**

**v.**

**COOPER & REESE, INC., Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1979.

Filed Dec. 7, 1979.

---

* Appellant does not allege that the Commonwealth failed to comply, as required under Rule 51(A)(1)(b), with Pa.R.Crim.P. 57 and 59.

464

Herbert L. Olivieri, Philadelphia, for appellant.

Alan S. Carpel, Philadelphia, for appellee.

Before HESTER, HOFFMAN, and CATANIA, JJ.*

HOFFMAN, Judge:

Appellant contends that the lower court should have granted its petition to open or strike the default judgment entered against it because it was never served with a complaint. We agree and, accordingly, reverse the order of the lower court denying appellant's petition and remand for further proceedings.

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

On June 13, 1978, Liquid Carbonic Corporation (hereinafter "Liquid Carbonic") instituted this action by filing a complaint in assumpsit in which it sought damages from appellant, a Pennsylvania corporation, for an alleged breach of a leasing contract. The docket entries show that the complaint was served on June 21, 1978. The sheriff's return confirms June 21 as the date of service and further indicates that service was made at appellant's place of business.[1] Although the deputy sheriff did not specify on the return the name of the individual whom he had served, he did check off a box on the return indicating that he had handed the complaint to an "agent or person for the time being in charge of defendant's office or usual place of business."[2] Appellant failed to file an answer to the complaint, and on August 16, 1978, Liquid Carbonic obtained a default judgment in the amount of $12,827.09. Notice of the judgment was sent to appellant by regular mail on the day of entry. Shortly thereafter, Liquid Carbonic obtained a writ of execution, and on September 13, 1978, a deputy sheriff appeared at appellant's business office with a sheriff's levy. Appellant insists that this visit of the deputy sheriff was its first actual notice of the proceedings which Liquid Carbonic had instituted against it. On September 29, 1978, appellant filed its petition to open or strike the default judgment. The case was submitted to the lower court on the basis of affidavits and depositions of appellant's officers and bookkeeper and the deputy sheriff who purportedly served the complaint. On December 19, 1978, the lower court entered an order denying appellant's petition. This appeal followed.

We note at the outset that the lower court correctly denied appellant's request that the default judgment be

1. The return failed to indicate the time of day at which service was effected. Although Pa.R.C.P. 1013(b) requires such information to appear on the sheriff's return, we need not concern ourselves with this omission because of our disposition of this case.

2. Thus, service was purportedly made pursuant to Pa.R.C.P. 2180(a)(2), which provides that service of process upon a corporation may be made by the local sheriff handing a copy thereof "to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation . . . ."

*stricken.* "It is axiomatic that a motion to strike will not be granted unless a fatal defect in the judgment appears on the face of the record. . . . If the record is self-sustaining, the judgment cannot be stricken." *Advance Building Services Co. v. F & M Schaefer Brewing Co.*, 252 Pa.Super. 579, 582, 384 A.2d 931, 932 (1978) (citations omitted). Because there are no defects appearing on the face of the record, there was no basis for striking the judgment.

The lower court denied appellant's request that it *open* the default judgment because it concluded that appellant had failed to show a meritorious defense to the complaint.[3] The lower court correctly noted that, ordinarily, three factors must coalesce before a default judgment can be opened: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (1973). Where, as here, however, a defendant asserts that he was never served with the complaint and therefore had no notice of the proceedings against him, we believe that a court must determine whether such assertion is true before considering any other factors. If valid service has not been made and the defendant is wholly without notice of the proceedings against him, then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him. *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 127, 221 A.2d 185, 187 (1966); *Neff v. Tribune Printing Co.*, 421 Pa. 122, 124, 218 A.2d 756, 757 (1966); *In re Galli's Estate*, 340 Pa. 561, 568–71, 17 A.2d 899, 902–03 (1941); *Taylor v. Humble Oil & Refining Co.*, 221 Pa.Super. 394, 398, 292 A.2d 481, 483 (1972). We have not hesitated to open judgments and give defendants an opportunity to file answers in cases where process was not properly served. *Taylor v. Humble Oil &*

3. Because of our disposition of this case we need not decide whether appellant adequately demonstrated a meritorious defense to the complaint.

*Refining Co., supra; Fisher v. Kemble Park, Inc.*, 186 Pa.Super. 407, 142 A.2d 353 (1958). *See also Cobb v. Gray*, 269 Pa.Super. 267, 409 A.2d 882 (1979) (affirming lower court's order opening default judgment and allowing the filing of an answer where defendant was not properly served). Accordingly, we must inquire into the accuracy of appellant's contention that it was never served.

■ Appellant's contention that it was never served with the complaint directly contradicts the representation in the sheriff's return that the complaint was handed to an agent or person for the time being in charge of appellant's place of business. In *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965), our Supreme Court held that, absent fraud, a sheriff's return is conclusive and immune from attack as to facts stated therein of which the sheriff presumptively has personal knowledge. The Court held additionally, however, that the conclusiveness of a return does not extend to facts of which the sheriff does not have personal knowledge. *Id.*, 416 Pa. at 477, 206 A.2d at 3. *See generally* 1 Goodrich Amram 2d, § 1013(b): 2. In the instant case, the representation that service was made upon an agent or person for the time being in charge of appellant's place of business was not a matter within the personal knowledge of the deputy sheriff who executed the return. Accordingly, we may examine appellant's extrinsic evidence challenging that representation.

■ Appellant's president, Max Reese, stated in an affidavit that he had extensively questioned appellant's employees and had determined that none of them was served with Liquid Carbonic's complaint on June 21, 1978. Additionally, appellant's secretary, Abraham Cooper, stated in a deposition that he had made similar inquiries of those employees of appellant who were at work on June 21, 1978, and had received similar negative responses. Both Reese and Cooper denied ever having been personally served with the complaint. The depositions of Cooper and George T. Hill, the

deputy sheriff who purportedly made service, revealed that appellant's place of business is located in a small cluster of buildings and is immediately next door to a house which is used as a furniture store. Cooper testified that a doorway of the furniture store appears to be a part of appellant's business premises and that on many occasions items intended for appellant had been mistakenly delivered to the adjacent store. Against this background the testimony of Deputy Sheriff Hill is most revealing. The deputy sheriff stated that as he approached what appeared to be appellant's place of business he saw a number of men in the immediate vicinity. After confirming that he was at appellant's premises he gave the complaint to a man whose name he did not learn. When asked whether this man had identified himself as an employee of appellant, the deputy sheriff replied that he could not be certain and suggested that perhaps "in [his] haste" he had left the complaint with someone who was not associated with defendant.

In view of these facts we conclude that appellant was not served with the complaint. Central to our conclusion is the admission of the deputy sheriff that, because of his haste, he had made no real attempt to ascertain whether the person to whom he gave the complaint was an agent or person for the time being in charge of appellant's office. That fact, coupled with appellant's evidence that none of its officers or employees ever received the complaint, compel the conclusion that proper service was not effected. Because the complaint was never served on appellant, the lower court did not obtain the jurisdiction requisite for entry of a judgment against appellant. Accordingly, the lower court should have opened the default judgment and allowed appellant to file an answer to the complaint. *Cobb v. Gray, supra; Taylor v. Humble Oil & Refining Co., supra; Fisher v. Kemble Park, Inc., supra.*

Order reversed and case remanded for proceedings consistent with this opinion.