**Carlton and Marie HEWITT, parents and natural guardians of Brandi Hewitt, a minor**

**v.**

**Joseph and Catherine CAIAZZO.**

**Civ. A. No. 81–1996.**

United States District Court, E. D. Pennsylvania.

Sept. 18, 1981.

Sanford I. Jablon, Jablon, Epstein, Weisbord & Wolf, Philadelphia, Pa., for plaintiff.

MEMORANDUM AND ORDER

GILES, District Judge.

This court has before it plaintiffs' motion to serve their complaint upon defendants by ordinary mail.

On May 13, 1981, the underlying action was commenced in this court. The complaint seeks damages for personal injuries sustained by minor plaintiff when defendants' lessees shattered a glass door upon the premises leased to them by defendants at 1135 Titan Street in Philadelphia. On May

13, 1981, this court appointed Fred Blum to make service of the complaint upon defendants pursuant to Fed.R.Civ.Pro. 4(c). Plaintiffs have filed this motion because they assert that after numerous attempts to make personal service, they have been unable to do so. Accordingly, they seek an order of this court permitting them to effect service upon defendants by use of regular mail addressed to defendants at their last known address.

In support of their motion, plaintiffs cite Fed.R.Civ.Pro. 4(d)(7) which states that service upon an individual defendant is sufficient if it is made in the manner prescribed by the law of the state in which the district court is situated, governing service upon defendants in the courts of general jurisdiction of that state.

The applicable Pennsylvania rule governing service in this case is Pennsylvania Rule of Civil Procedure 2079(d) which provides:

> If a resident defendant has obstructed or prevented service of process by concealing his whereabouts or otherwise, the plaintiff shall have the right of service in such manner as the court by special order shall direct upon an affidavit stating the nature and extent of the investigation which the plaintiff has caused to be made to determine the defendant's whereabouts and the efforts made to effectuate service.

As an aid to determining what constitutes a sufficient "investigation ... made to determine defendant's whereabouts," within the meaning of Pa.R.Civ.Pro. 2079(d), the Philadelphia Court of Common Pleas has adopted Philadelphia Common Pleas Court Rule No. 141 (hereinafter "Rule 141.")

This Rule was adopted to provide a procedure for alternative means of service upon resident defendants who have obstructed or prevented service of process. It provides, in essence, that there must either be (1) a return of "not found" after more than one attempt to make service *or* (2) an indication from the first return of "not found" that any further attempts at personal service would be unsuccessful. If either of these conditions are present, plaintiff's counsel may request an order of the court allowing service by regular mail to defendant's last known address by filing an affidavit which sets forth the following facts. *See* Rule 141(B).

Either plaintiff's counsel must file an affidavit which states that to the best of his personal knowledge, information and belief the address given is defendant's address (and the manner in which such address was obtained), Rule 141(B)(3); *or* plaintiff must file an affidavit which avers that a good faith investigation was made to determine the present residence of defendant. Rule 141(B)(1). A "good faith investigation" must consist of at least three of the following: (1) an examination of telephone directories; (2) inquiries of neighbors and relatives; (3) inquiries of employers or former employers; (4) inquiries of audit bureaus; (5) an examination of public records or other records required to be kept by law (*e. g.*, Post Office Department records, Bureau of Motor Vehicle records); and (6) any other specifically averred investigation which is reasonably calculated to provide information on defendant's whereabouts. Rule 141(B)(1)(a–f). In addition to the averments regarding good faith investigations, the affidavit must include the specific inquiries made and the specific responses received from the plaintiff's investigation, and the dates of these inquiries. A copy of all inquiries and/or responses made by mail must be submitted with the required affidavit. Rule 141(B)(2).

Rule 141 is illustrative of the nature and extent of investigation which must be established by affidavit before a court may grant a special order directing service by alternative means under Pa.R.Civ.Pro. 2079(d).[1]

1. While Fed.R.Civ.Pro. 4(d)(7) does not require a federal district court to apply local rules regarding service of process, the procedures set forth in Rule 141 provide a clear example to this court of the type of investigation which should be required before a special order may issue under the applicable state law, Pa.R.Civ. Pro. 2079(d). Moreover, plaintiff has specifically urged this court to consider and apply Rule 141 to the facts of his case.

Under the guidelines set forth by the Philadelphia Court of Common Pleas, plaintiffs' counsel's affidavit has failed to establish, to this court's satisfaction, that the requisite good faith investigation has been made. First, it is not clear from plaintiffs' affidavit precisely how many attempts at deputized service were made, upon what dates those attempts were made and what circumstances indicated that further attempts to personally serve plaintiffs at their alleged place of residence, 1139 Titan Street, would be futile. *Cf. Cobb v. Gray,* 269 Pa.Super. 267, 409 A.2d 882 (1979). Second, from the facts set forth in plaintiffs' counsel's affidavit, it is evident that plaintiffs' counsel does not have personal knowledge, information and belief that the address set forth in his affidavit is, in fact, the defendants' residence. Thus, in order to satisfy the alternative provisions of Rule 141(B)(1), plaintiff's affidavit must aver that three of the inquiries listed in Rule 141(B)(1) have been made. Plaintiffs' counsel has averred facts sufficient to satisfy the Rule 141(B)(1) requirements, *i. e.,* inquiries of telephone directories, inquiries of neighbors and relatives, and a search of the deed to the premises in question. However, he has not satisfied the requirement of Rule 141(B)(2) that the affidavit shall include the specific inquiries made and the specific responses received from the investigation, including the dates thereof, as well as copies of all correspondence if the inquiries were made by mail.

This court finds, therefore, that plaintiff has not sufficiently established the nature and extent of the investigation made to determine defendants' whereabouts. Accordingly, plaintiffs' motion to serve this complaint upon defendants by ordinary mail is denied without prejudice.

An appropriate order follows.