533 A.2d 451

**Milton RUBIN**

v.

**Allan NOWAK, Appellant.**

Superior Court of Pennsylvania.

Argued May 27, 1987.

Filed Nov. 9, 1987.

Leonard Schaeffer, Philadelphia, for appellant.

Niels Korup, Philadelphia, for appellee.

Before ROWLEY, KELLY and WATKINS, JJ.

ROWLEY, Judge:

■ This is an appeal from an order denying appellant's petition to open a default judgment. Appellant contends he was never served with the Complaint, despite the existence of record of the sheriff's return of service indicating that the Complaint was served on the "Manager/Clerk" of the place of lodging in which appellant resides.[1] Appellant argues that the court abused its discretion by not accepting: 1) his averment of lack of service as a reasonable explana-

---

1. Pa.R.C.P. 402 states, in relevant part:
   (a) Original process may be served

   (2) by handing a copy

   (ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides....

tion for failure to answer the Complaint, or at least, as proof of a "disputed issue of fact" under Pa.R.C.P. 209 for which the trial court should have ordered discovery; and 2) facts alleged in his petition as true where appellee failed to file an answer conforming to Pa.R.C.P. 208.[2] Although appellant does not specifically raise the issue of jurisdiction, our disposition of the matter rests entirely on jurisdictional grounds.[3] We vacate and remand.

◼ The trial court denied appellant's petition to open the default judgment on the basis that the sheriff's return of service, which is complete on its face, was conclusive and immune from extrinsic attack as to facts of which the sheriff presumptively had personal knowledge. *Hersch v. Clapper*, 232 Pa.Super. 550, 335 A.2d 738 (1975). However, we find that the record discloses the existence of an issue relative to a material fact contained in the return of which the sheriff's deputy did *not* presumptively have personal knowledge. This issue has a direct bearing on whether or not valid service of process was achieved, and in turn dictates whether the trial court had personal jurisdiction over the appellant to order that a default judgment be entered against him. Because the material fact was not one of which the sheriff's deputy presumptively would have knowledge, the trial court erred in barring appellant's challenge to the return of service.

2. On or about September 11, 1986 plaintiff/appellee filed a document headed "Plaintiff's Memorandum in Opposition Petition to Open Default Judgment." It was agreed at oral argument that this document was considered by the parties and the trial court as the appellee's answer to appellant's petition to open judgment. Appellee claims in the document that service was made and that appellant's attorney, Michael Simon, mailed a copy of the Notice of Default to appellant with a cover letter warning that default judgment would be taken if appellant did not answer the complaint within ten days.

  We note that appellant subsequently did not proceed to take depositions or order the cause for argument pursuant to Pa.R.C.P. 209, and appellee did not avail himself of his right to compel appellant to proceed. Failure of the parties to proceed under Rule 209 does not affect our disposition of the case.

3. Superior Court may raise *sua sponte* the question of jurisdiction. *Karpe v. Borough of Stroudsburg*, 290 Pa.Super. 559, 434 A.2d 1292 (1981).

Our decision in this case is governed by the prior decision of this Court in *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549 (1979). In that case, Liquid Carbonic brought a breach of contract action against Cooper & Reese. The sheriff's return showed that service was made at defendant's place of business. The deputy did not specify on the return the person whom he served, but he put a check mark in a box on the return indicating that he had handed the complaint to an "agent or person for the time being in charge of defendant's office or usual place of business." [4] *Id.*, 272 Pa.Superior Ct. at 465, 416 A.2d at 550. In spite of the sheriff's return, the defendant claimed it had no notice of the suit until after judgment was entered.

Judge Hoffman, writing for the panel in *Liquid Carbonic*, noted the general rule that "a sheriff's return is conclusive and immune from attack as to facts stated therein of which the sheriff presumptively has personal knowledge." *Id.*, 272 Pa.Superior Ct. at 467, 416 A.2d at 551. However, he held that under the facts as presented, "the representation that service was made upon an agent or person for the time being in charge of appellant's place of business was not a matter within the personal knowledge of the deputy sheriff who executed the return." *Id.* In so holding, Judge Hoffman followed *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965). Justice Jones, writing for the majority in *Hollinger*, stated:

> The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect. However, both logic and common sense restrict the conclusive nature of a sheriff's return *only to facts stated in the return of which the sheriff presumptively has personal knowledge,* such as *when* and *where* the writ was

4. See Pa.R.C.P. 402(a)(2)(iii).

served; when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect. However, the immutability of a return should not extend *(a) to facts stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others.* (Emphasis in original.)

*Id.*, 416 Pa. at 477, 206 A.2d at 3.

The panel of this Court, in *Liquid Carbonic*, took note of the following facts: Both Reese and Cooper, owners of the business, denied ever having been served; they questioned their employees and determined that none of them had been served; a furniture store next to defendant appeared to have a common entrance; and, the deputy sheriff testified that he had approached a cluster of men in the vicinity of defendant's premises, and served one of them without determining whether he was an employee of defendant.

The facts of the instant matter are similar. A box is checked on the sheriff's pre-printed return of service form which states that appellant was served via the "Manager/Clerk of place of lodging in which Defendant(s) reside(s)." The instructions on the return direct the sheriff to serve the defendant at "Parktown Place East, 2200 Benjamin Franklin Pkwy. East 1914, Philadelphia, PA 19013." In the section to be completed by the sheriff, the deputy wrote that service was made at "2200 Benjamin Franklin Pkwy." Appellant filed an affidavit stating that he never received the Summons and Complaint. Warren Dickens, the doorman in Parktown Place—East Building (appellant's place of residence),[5] filed an affidavit stating that the log book for appellant's particular building shows that no such hand delivery was made to appellant's apartment on June 4 or 5, 1986.

**5.** Defendant alleges in his brief that Parktown Place—East Building is one of four separate high-rise apartment buildings, each with its own

Although the sheriff's return was indeed valid on its face, it is clear under *Liquid Carbonic* and *Hollinger* that the trial court must determine whether valid service of process on the defendant was actually achieved, because appellant's attack is directed towards a fact not presumptively within the personal knowledge of the sheriff, i.e. that the person served was the "Manager/Clerk" of appellant's place of residence. If the trial court determines that the person served was the manager or clerk at appellant's residence then valid service was achieved and the court has personal jurisdiction over the defendant. If that is the case, the court must then determine whether the default judgment should be opened. On the other hand, if the court determines that service of process was invalid, such service must be stricken and the judgment must be opened because without personal jurisdiction over the defendant the court was without authority to enter the judgment against him.

In view of the foregoing analysis, we vacate the trial court's order and remand the case to the trial court for proceedings consistent with this opinion. Jurisdiction is relinquished.

entrance, intercom system and doorman. Unsupported allegations in briefs are not a part of the record, so we must disregard this statement.