# Poe v. Hatton

*Craig A. Altman,* for plaintiff.
*Thomas F. Margiotti,* for defendants.

PANEPINTO, *J.*, December 27, 2010— Defendants, Wilkins A. Hatton, II and Kinsman Corp. ("defendants") appeal this court's order of September 15, 2010, which denied defendants' petition to strike/open default judgment entered against them on October 30, 2009.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter stems from a default judgment entered in favor of plaintiff and against defendants on October 30, 2009. The complaint was originally filed on March 18, 2009. Service was allegedly made on defendants on April 15, 2009. Notice of intent to take default was sent to defendants by certified and regular mail on August 3, 2009. The praecipe for entry of default was filed by plaintiff on October 30, 2009. On November 10, 2009, an arbitration award found in favor of plaintiff and against defendants in the amount of $35,000. No appeal was taken from the arbitration award. Defendants did not appear at the arbitration, nor did they attempt to defend this action. On March 19, 2010, plaintiff filed writs of attachment and execution upon garnishee TD Bank.

Defendants filed their petition to strike and/or open default judgment on April 6, 2010. In their petition, defendants alleged that they never responded to the complaint because they thought the suit was fabricated and baseless. See ¶7, defendants' petition to strike/ open. Instead of responding to this suit, they chose to focus their time and resources on their business in face of tough economic times. *Id.* They further alleged that their financial hardship was aided by plaintiff's failure to pay rent. *Id.* at ¶6. Defendants alleged that they evicted plaintiff as a result of his failure to pay rent. *Id.* However,

only the complaint for the landlord-tenant action was attached to the petition, not a judgment or order. The only reason alleged by defendants for attempting to defend this action is that they discovered photographic evidence which they allege establishes plaintiff's claim is fabricated and frivolous. *Id.* at ¶¶7, 11. Defendants failed to attach a proposed answer to plaintiff's complaint in their petition to strike/open in violation of Pa.R.C.P. 237.3(a).

Plaintiff filed its reply to the petition to strike and/or open default judgment on April 27, 2010. Defendants filed sur-replies in support of their motion on April 29 and May 3, 2010. On September 15, 2010, this court denied the petition to strike and/or open default judgment. The order was docketed on September 21, 2010.

On October 6, 2010, defendants filed a motion for reconsideration of the September 15, 2010 order. On October 20, 2010, defendants appealed the September 15, 2010 order to the Superior Court. Plaintiff filed a motion to strike defendants' motion for reconsideration on October 21, 2010. On October 26, 2010, this court entered an order, dated October 22, 2010, directing defendants to file a 1925(b) statement of errors. On November 12, 2010, defendants filed a reply in opposition to the motion to strike. Defendants filed their 1925(b) statement on November 17, 2010.

This court lost jurisdiction to rule on the motion for reconsideration as it was not ruled on within thirty days of September 21, 2010, the date of the docketing of the September 15, 2010 order. As a result, this court entered an order on December 23, 2010 stating that the court had lost jurisdiction and could not rule on the motion for

reconsideration. Also on December 23, 2010, this court dismissed the motion to strike as moot since the court lost jurisdiction to rule on the motion for reconsideration.

## ALLEGATIONS OF ERROR

On October 26, 2010, this court entered an order directing defendants to filea Rule 1925(b) statement no later than 21 days after the entry of the order. Defendants filed a rule 1925(b) statement pursuant to this court's order on November 17, 2010. Defendants have raised the following issues on appeal:

A. *Erring in not granting defendants' motion to strike default judgment*

1. The court erred in denying the defendants' motion to strike default judgment and their motion to reconsider the denial of such because of [sic] the court did not have jurisdiction over the defendants as the evidence submitted to the court did not establish that the defendants were served or alternatively not served with process in a sufficiently [sic] to give notice that this action has been brought against them. The affidavits of service submitted by the plaintiff was so filled with inconsistencies and omissions that it should not have been accepted by the court as evidence of personal service. 1) There is no evidence that the affidavits relied on by the court were sworn and/or attested to or, 2) There is no evidence that the service was made by a sheriff as the line for a sheriff to sign his [sic] blank. 3) The numerous and inconsistent dates on the affidavits make those documents unreliable. 4) The last name of the party being served on the affidavit of service is not

that of the defendant Hatton. 5) The purported service on Kinsman Corporation, if made at all, was apparently accepted by someone with the last name other than Hatton. 6) Plaintiff is at fault for any failure of service for consistently using the wrong name of the defendant Hatton on any documents served were [sic] attempted to be served on Mr. Hatton while consistently using his correct name with all documents served with the court. Absent a valid service of process a subsequent judgment by default is defective. *Brooks v. B&R Towing Co.* 939 A.2d 398, 401-04 (Pa. Super. 2007).

2. The court erred by accepting plaintiff's notice of intent to take default judgment of Wilkins A. Hatton, II and Kinsman Corp. as it was 1) Inaccurately submitted to the court that certified mail was signed for by the defendant Hatton. 2) Contrary to plaintiff's affidavit Wilkins A. Hatton, II, was not the addressee. Plaintiff consistently used the wrong name in documents sent to the defendants but the correct name in the documents filed with the court. 3) Certified mail sent to Kinsman Corp. omitted any reference to that corporation in the caption or body that the instant action had anything to do with that company. 4) The incorrectly addressed letters were not received and signed for by defendant Hatton as represented to the court but as demonstrated by the submitted sworn affidavit, were received by his 18-year-old son who because of the inaccuracies in the omissions used a similar lack of care and attention to these documents as plaintiff had done in preparing them, resulting in the notice never being received by the defendants. Further, the son, not an officer of Kinsman Corp. was unable to accept service for that company

faulty or not.

**B.** *Erring in not granting defendants' motion to open default judgment*

1. The court erred in denying defendants' motion to open default judgment and their motion to reconsider in ruling that the denial of such because a defendant had not met his burden to open such judgment based upon the facts and the case of *Grisnati v. Randolph,* 856 A.2d 121 (Pa. Super. 2004) which holds that "a trial court may open a judgment when (1) the petition has been promptly filed, (2) a meritorious defense can be shown and (3) the failure to appear can be explained.

2. The defendants have met their burden that the petition was promptly filed. The defendants did not become aware of the action against them until defendant Hatton went to the bank and found his account levied on or about March 26, 2010. The defendants promptly filed their motion within eleven (11) days of the actual notice of default judgment and indeed the action itself.

3. The defendants have met their burden by showing a meritorious defense to the underlying action. In this matter the plaintiff alleges that he was injured as a result of the fall on the staircase of the property question[sic] on or about October 29, 2008. The defendants have shown no numerous meritorious defenses to this action including, but not limited to, 1) photographic evidence recovered from the plaintiff's former apartment indicates the fall was staged 2) photographic evidence recovered from the plaintiff's former apartment indicates that the stairs in question were not defective 3) sworn

testimony via affidavit of three (3) witnesses establishes that even if defendant actually fell he was not seriously injured 4) sworn testimony via affidavit establishes that defendant, having never paid rent and being told to vacate, was a trespasser at the time of the alleged fall.

4. The defendants have met their burden of stating their failure to answer the complaint and receiving the default judgment. As stated above, the defendants were not Served or not properly served or, the service was so faulty, through the plaintiff's own mistakes as to be ineffectual. Additionally, defendant Hatton had been recently diagnosed with cancer and was facing a foreclosure. It is submitted it would be inequitable for the court to require Mr. Hatton or his family, under the immense stress that they were clearly under, to be so diligent to "figure out" the inexplicable errors and omissions of any service that may have been received.

## DISCUSSION

Defendants' petition to strike/open default judgment has been properly denied. After reviewing the default judgment, this court determined that no fatal defect existed on the face of the record and denied the petition to strike default judgment. The three-pronged test for opening was not satisfied by defendants, so this court properly denied the petition to open. An appellate court will not reverse a lower court ruling, either opening or refusing to open a default judgment, unless there was an error of law or a clear, manifest abuse of discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (Pa. 1973).

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record and can only be granted for a fatal defect appearing on the face of the record. *Resolution Trust Corp. v. Copley Ou-Wayne Assocs.*, 546 Pa. 98, 106, 683 A.2d 269, 273 (Pa. 1996). For purposes of a petition to strike, the court is limited to the consideration of matters appearing on the face of the record and the facts averred in the affidavit of default are to be taken as true. *Northway Village No. 3. Inc. v. Northway Properties, Inc.*, 430 Pa. 499, 503, 244 A.2d 47, 49 (Pa. 1968). If the facts averred in the affidavit of default are disputed, the appropriate remedy is a petition to open judgment. *Id.* Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Cameron v. Great Atlantic and Pacific Tea Co.*, 439 Pa. 374, 266 A.2d 715 (1970).

In *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 416 A.2d 549 (Pa. Super. 1979), appellant sought reversal of the trial court's denial of its petition to open and/or strike default judgment. The issue of improper service was also at issue in that case. The sheriff's return of service noted the date, the place served (defendant's place of business), and that the complaint was served on someone in charge of the business at the time. It did not include the person's name that was served. *Id.* at 550. The Superior Court preliminarily addressed the petition to strike and agreed that it had been properly denied by the trial court. *Id.* at 550. Despite the issue of service being brought up, there was no fatal defect on the face of the record that would warrant the striking of the judgment. *Id.* at 551.

In the present case, there are two affidavits of service filed with this court. The first affidavit of service is for service on defendant Hatton. The affidavit states the complaint was served on April 15, 2009 at 7:30 at the defendants' address, and that the defendant was personally served. The name of the person served in the affidavit is Wilkins A. Matton. The second affidavit is for service on defendant Kinsman Corp. This affidavit states that the complaint was served on April 15, 2009 at 7:30 at defendants' address on an agent or person in charge of defendant's office or usual place of business and lists the name, Wilkins Matton, as the person who accepted service. The name of the individual defendant is Wilkins A. Hatton, II. It seems readily apparent that this is a typographical error and not remotely close to being a fatal defect. The name of the defendant is off by one letter. There are no other inconsistencies or issues with these affidavits. On their face, the affidavits of service are proper.

It is important to note that nowhere in defendants' petition to strike/open do defendants even once allege that they were never served with the complaint or were unaware of the proceedings initiated against them. On the contrary, defendants only allege that they did not respond to the complaint because of financial hardship and because they felt the claim was without merit. See petition to strike/open at ¶7.

Defendants raise the issue of service of process for the first time in their allegations of error. The allegation of error alleges that defendant Hatton's 18-year-old son was served with the notice of intent to take default and that he was careless with the documents and did not notify his

father of their existence. See allegations of error ¶A2. The allegation of error also alleged the service was bad because the documents were improperly addressed and confusing. *Id.* at ¶A1. None of these arguments were put in the petition. Some of the arguments which are raised now are also outside of the record and are improper to be considered for a petition to strike. The allegations of improper service should have been raised in the petition to strike/open. Defendants never alleged in the petition that they were unaware of the complaint against them. Rather, they alleged that they willingly chose to ignore the complaint and to not respond to its allegations. Any allegations of improper service of the complaint or 10-day notice of intent to take default are therefore waived.

A petition to open default judgment must be promptly filed. *Balk v. Ford Motor Co.*, 446 Pa. 137, 139, 285 A.2d 128, 130 (Pa. 1971). "The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay." *Castings Condominium Ass'n v. Klein*, 663 A.2d 220, 223 (Pa. Super. 1995).

The petition was not timely filed. The default in this case was entered against defendants on October 30, 2009. The petition to strike/open was not filed until April 6, 2010, over five (5) months after the entry of default. While there is no bright line rule that makes a petition to strike/open timely, five months is not timely in this matter when defendants admittedly knew of the proceedings against them and failed to respond to the complaint.

A petition to open default judgment must offer a reasonable excuse for failure to act on the original complaint. *Balk*, 285 A.2d at 130-31. Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. *Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206, 1210 (Pa. Super. 1993).

The petition does not state a reasonable excuse for failure to reply to the complaint. Financial hardship alone is not a reason to fail to reply to a complaint. There is no allegation in the petition to open/strike that defendants contacted an attorney or a legal services organization about the complaint against them to determine if they could retain counsel or otherwise defend the action. In fact, the petition explicitly states that defendants knowingly chose to ignore the complaint. Defendants allege that they felt the claim against them was meritless. It is puzzling then that they would choose to not defend against an action that they were confident in winning. Our system of justice does not excuse this type of behavior where a party does not follow the rules simply because they have decided the case in their own heads. Defendants could have still filed a pro se answer, attended the arbitration to contest the plaintiff's claims, or timely appeal the arbitration award. defendants chose to ignore the suit. Therefore, there is no reasonable excuse presented by defendants here.

Additionally, the allegation that the 10-day notice was served on Hatton's son, and not Hatton, does not help defendants. The son's carelessness is not a reasonable excuse for not notifying his father of the impending default. The son should have notified his father of the legal papers that he was allegedly served with immediately. He

did not. However, this does fit in with the defendants' theme of not responding to legal documents when you think you have already solved the case in your own head and do not need to resort to the requirements for defending an action. It does not count as a reasonable excuse for not responding to the complaint or notice of default.

"The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief; however, it must set forth the defense in precise, specific and clear terms." *Seeger v. First Union Nat'l Bank*, 836 A.2d 163, 166 (Pa. Super. 2003). Pa.R.C.P. § 237.3(a) provides that "[a] petition for relief from a judgment on non pros or of default entered pursuant to rule 237. 1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file." Pa.R.C.P. § 237.3(a) (emphasis added).

There is no meritorious defense in the petition. There is no proposed answer attached to the complaint as required by Rule 237.3. The only defense alleged in the petition is based on photographs defendants assert prove the claim is fraudulent and staged. However, these pictures do not prove anything. The court is unable to determine the origin of the pictures, who took the pictures, when the pictures were taken or any other relevant information. This information, if the court was given it, could show whether the pictures were taken shortly after the alleged fall or whether the pictures were deliberately "staged" to show where the plaintiff fell and what the scene looked like, and not to commit a fraud on the courts. The petition is devoid of any real defense besides the unsupported allegations that the newly discovered pictures are evidence

of plaintiff fraudulently bringing this claim. They certainly raise questions about the claim. However, without a proper basis, it is hard to tell if the pictures prove anything at all. Without a proposed answer, the meritorious defense is more like unsupported allegations than a defense to a slip and fall claim.

Defendants have failed to establish even one of the prongs required to open the default judgment. There is also no fatal defect on the face of the record. Any alleged defects raised by defendants are outside the record and outside the review of this court. The record is proper. defendants failed to timely file this petition, have not established a reasonable excuse for their failure to reply to the complaint, and have put forth no meritorious defense to the underlying action.

Accordingly, for the reasons stated above, this appeal should be denied.