J-A32021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NEEL ELSHERIF | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALL CITY TAXI, INC., AKEEM BASHIRU AND JOHN DOE | |
| APPEAL OF: ALL CITY TAXI, INC. | No. 1296 EDA 2016 |

Appeal from the Order March 24, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 150503202

BEFORE: DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:          **FILED FEBRUARY 08, 2017**

Appellant, All City Taxi, Inc., appeals from the March 24, 2016 order denying its petition to open default judgment. We reverse.

Appellee, Neel Elsherif, instituted a civil action against Appellant and additional defendants on May 28, 2015. The complaint raised one count of negligence and one count of negligent hiring, supervision, and retention.

On May 29, 2015, Appellee unsuccessfully attempted to serve the complaint upon Appellant at 2024 S. 12th Street, Philadelphia, Pennsylvania. **See** Affidavit of Non-Service, 6/2/15, at 1. The affidavit stated that the office was empty and on the market for sale; a neighbor informed the process server that the company moved two years earlier. **Id.** On June 5,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2015, Appellee made service of the complaint at 2301 Church Street, Ste. 2, Philadelphia, Pennsylvania, on Albert Sobol. *See* Affidavit of Service, 6/5/15, at 1. The affidavit described Mr. Sobol's physical appearance and noted "2nd floor office accepted legal mail." *See* Affidavit of Service, 6/5/15, at 1.

When Appellant did not file a response, Appellee mailed ten-day notice of intent to take default judgment, pursuant to Pa.R.C.P. 237.5, to Appellant at 2024 S. 12th Street, Philadelphia, Pennsylvania and 2301 Church Street, Ste. 2, Philadelphia, Pennsylvania. *See* Praecipe for Default Judgment, 7/13/15. On July 13, 2015, Appellee filed a praecipe for default judgment. Judgment was entered against all parties that same day.

On August 17, 2015, Appellee filed an affidavit certifying service of the complaint and ten-day notice of intent to take default judgment on Appellant at 1719 S. 11th Street, Philadelphia, PA 19148. *See* Affidavit of Service, 8/17/15, at 1. This service was a nullity, as Appellee had already effectuated default judgment.

Following an assessment of damages hearing, on December 23, 2015, the court entered a judgment against all defendants in the amount of $160,618.00.

On March 1, 2016, Appellant filed a petition to open default judgment, arguing that it had never been properly served with the complaint or notice of intent to take default judgment. *See* Petition to Open Default Judgment, 3/1/16, at 1-2. The petition included the affidavit of Maria Perri, the

president of Appellant, who averred that at all relevant times the registered office address of Appellant was 1719 S. 11th Street, Philadelphia, Pennsylvania. **See** Affidavit of Maria Perri, 2/25/16, at 1. Ms. Perri averred that Appellant had never employed Albert Sobol, and at no time did it transact business at 2301 E. Church Street, Philadelphia, Pennsylvania. **Id.** Further, Ms. Perri averred she had only recently learned of the suit. **Id.**

Appellee filed an answer in opposition, averring that service had been properly effectuated at the address listed on the Department of State website. **See** Answer in Opposition to Petition to Open Default Judgment, Exhibit A. Appellee referred, however, to the August 17, 2015 service, which was effectuated approximately a month after the entry of judgment. **Id.** The docket does not indicate that any other documents were served at 1719 S. 11th Street.

On March 24, 2016, the trial court denied Appellant's petition to open judgment. Appellant filed a motion for reconsideration, which the court also denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion.

On appeal, Appellant raises three issues for our consideration:

a. Where [Appellee] never properly served [her] complaint upon [Appellant], and thus never obtained jurisdiction over [Appellant], did the lower court err as a matter of law in not opening the judgment against Appellant?

b. Where [Appellee] serves a notice of judgment upon a person unconnected to [Appellant] at a registered corporate address,[1] thus never giving Appellant contemporary notice of the judgment, does due process require the opening of the judgment against Appellant?

c. Where [Appellant] is incapable, as a matter of law, of being liable in a cause of action, does this provide ground for the opening of a default judgment?

Appellant's Brief at 2.

The grant or denial of a petition to open a default judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175 (Pa. Super. 2009). Absent a manifest abuse of discretion, such a decision will not be disturbed on appeal. *Id.* at 175.

However, where a defendant asserts he was never served with the complaint and had no notice of the proceedings against him, a court must determine whether this assertion is true before considering any other factors. *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 416 A.2d 549, 551-552 (Pa. Super. 1979). "If valid service has not been made and the defendant is wholly without notice of the proceedings against him, then the court has no personal jurisdiction over the defendant and is without power to enter a judgment against him." *Id.* Due process requires that a defendant

_____

[1] Presumably, the address referred to is the 1719 S. 11th Street address, which was the registered corporate address per the Pennsylvania Department of State website.

be given adequate notice that litigation has commenced. ***Trzcinski v. Prudential Prop. & Cas. Ins. Co.***, 597 A.2d 687, 688 (Pa. Super. 1991).

Pursuant to the Pennsylvania Rules of Civil Procedure, service of original process upon a corporation shall be made by

> handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) **an executive officer, partner or trustee** of the corporation or similar entity, or
>
> (2) the **manager, clerk or other person for the time being in charge of any regular place of business** or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424 (emphasis added). The "person in charge" of the office must be an individual with a direct connection to the party to be served, or an individual whom a process server determines to be authorized based upon that individual's representation of authority, which the process server attests to in an affidavit. ***See***, ***e.g.***, ***Grand Entertainment Group, Ltd v. Star Media Sales, Inc .***, 988 F.2d 476, 486 (3d Cir.1993) (discussing service of process pursuant to Pa.R.C.P. 402); ***Pincus v. Mutual Assur. Co.,*** 321 A.2d 906 (1974) (upholding service upon corporation and two corporate trustees

where process was served on manager of corporation's offices, who refused to give his name).[2]

Thus, we may conclude that service may be made upon: 1) an executive officer of the corporation, regardless of location; 2) an agent authorized in writing to receive process for it; or 3) the manager or other person in charge at a regular place of business for the company, if the process server determines that person is authorized and attests to that authority in an affidavit. *See* Pa.R.C.P. 424; *Grand Entertainment*, 988 F.2d at 486.

In the instant case, Appellee did not make service upon an executive officer of the corporation. The Department of State website lists Maria Perri as the president, vice president, treasurer, and secretary of Appellant. Neither does the record reflect that service was made upon an agent authorized in writing to accept service for Appellant.

Finally, service was not made upon Appellant at its regular place of business to a person in charge of that business. It appears that Appellant's business may be defunct. However, Appellant has a registered business address of 1719 S. 11th Street, Philadelphia, Pennsylvania, as reflected on the Pennsylvania Department of State website. The docket and record do

---

[2] "Place of business" is defined, by Black's Law Dictionary, as a location at which one carries on a business; "principal place of business" is the place of a corporation's chief executive offices. PLACE OF BUSINESS, Black's Law Dictionary (10th ed. 2014).

not reflect that Appellant was served with the complaint at the registered address. Instead, Appellee attempted to serve the complaint upon Appellant at a related corporate address that was unoccupied. Appellee then attempted to make service upon Appellant at 2301 Church Street, Philadelphia, Pennsylvania.[3] The person served was Albert Sobol. However, the affidavit does not indicate that Mr. Sobol was a person in charge of the place of business, nor does it indicate Mr. Sobol's relationship to Appellant.

Appellee argues that Appellant was indeed served at the corporate address, but the record reflects only that notice of intent to take default judgment was served at that 11th Street address: the complaint was never served there. The Rules of Civil Procedure refer to service of *original process*, and not service of subsequent filings or notice of intent to take default. **See** Pa.R.C.P. 424. The record provides some indication that Appellant may not have been entirely above-board with regard to its various addresses and places of business. Undoubtedly, it was difficult to serve. However, there are specific rules of court promulgated to deal with such

_____

[3] Appellant averred, before the trial court, that this address was not connected with it. Appellee has included, in its brief before this Court, documents printed from the Department of State website indicating that this may have been an associated address of Appellant as of July 2015. **See** Appellee's Brief, Exhibit A-C. However, these documents were not provided to the trial court and are accordingly not part of this record. **See** Pa.R.A.P. 1921.

situations and no indication that Appellee availed herself of them.  **See**, **e.g.**, Pa.R.C.P. 430 (providing for service pursuant to special order of court).

Accordingly, based on the above, we conclude that service of original process was not properly effectuated upon Appellant and the trial court lacked jurisdiction to enter judgment.

Order reversed and case remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/2017